## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

─────────────────────────────────────────────────

**TRACI DIENNO**,
*individually, and on behalf of others*
*similarly situated*,

      Plaintiff,

         v.

**NATIONAL CHECK RESOLUTION INC.**,
*A Georgia Corporation*,
**SAM TULUMELLO**, *an individual* and
**RHONDA TULUMELLO**, *an individual*

      Defendant.

**No.**_____

FLSA Collective Action
**JURY TRIAL DEMANDED**

─────────────────────────────────────────────────

## COLLECTIVE ACTION COMPLAINT
─────────────────────────────────────────────────

Plaintiff Traci Dienno ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this collective action against Defendants National Check Resolution, Inc., Sam Tulumello, and Rhonda Tulumello ("Defendants") and alleges as follows:

### I.      INTRODUCTION

1.    This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover

unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated individuals, as defined herein.

2.   At all times material to this action, Plaintiff and other similarly situated employees were employed by and worked for Defendants as Debt Collection Specialists.

3.   During the period beginning three (3) years before the filing of this Complaint through the present date, Defendants failed to compensate Debt Collection Specialists, such as Plaintiff, as required by the FLSA for all hours worked over forty (40) per week.

4.   Upon information and belief, for at least three years prior to the filing of this action, Defendants willfully committed the collective-wide violations of the FLSA alleged herein.

## II.   JURISDICTION AND VENUE

5.   The FLSA authorizes private actions to recover damages for violations of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b).

6.   Because Plaintiff's claims raise questions of federal law, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7.   Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants' principal office address is located in this district and the

individual Defendants have persisted in the herein alleged unlawful conduct within this district.

### III.   COLLECTIVE ACTION DESCRIPTIONS

8.   Plaintiff brings this action on behalf of herself and the following Collective Action Members:

> All current and former employees of National Check Resolution, Inc. who worked at least forty (40) hours per week as a Debt Collection Specialist anywhere in the United States, during at least one week within the period dating back three years from the date any such employee files a written consent to join this lawsuit.

### IV.   PARTIES

9.   Plaintiff was employed by Defendants as a National Check Resolution, Inc. in both Florida and New York within the past three years.

10.  Plaintiff's Consent to Join this Collective Action is attached as *Exhibit A*.

11.  Defendant National Check Resolution, Inc. is a Georgia corporation with its principal office located at 39 East Main Street NE, Buford, Georgia, 30518.

12.  Upon information and belief, Defendant Sam Tulumello is the CEO and founder of National Check Resolution, Inc.

13.  Upon information and belief, Defendant Rhonda Tulumello is the Director of Operations for National Check Resolution, Inc. She also works in a managerial capacity.

14.   Defendants were Plaintiff's and putative collective action members' "employer" as that term is defined under the FLSA during all times material to this action.

15.   According to the Georgia Secretary of State, Defendant National Check Resolution, Inc. can be served process through its registered agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

16.   Defendant Sam Tulumello can be served process at 2101 Oak Village Lane, Lawrenceville, Georgia 30043-2928, or wherever he may be found.

17.   Defendant Rhonda Tulumello can be served process at 2101 Oak Village Lane, Lawrenceville, Georgia 30043-2928, or wherever she may be found.

## V.   ALLEGATIONS

18.   Defendant National Check Resolution, Inc. is a commercial collections agency.

19.   Defendant National Check Resolution, Inc. hires and employs individuals as Debt Collection Specialists to assist in collecting on account receivables. The principal job duty of Plaintiff and putative collective was/is to operate Defendant's phones and computers as a means to perform their duties.

20.   The Tullumello Defendants exercise operational control over National Check
      Resolution, Inc.

21.   Defendants have been the "employer" of Plaintiff and similarly situated Debt
      Collection Specialists within the meaning of 29 U.S.C. § 203(d), during all
      times relevant to this Original Collective Action Complaint.

22.   As Debt Collection Specialists, Plaintiff and the putative collective members
      primarily worked remotely, rather than in a centralized office setting.

23.   Their primary job duties involve calling individuals in relating to account
      receivables and ascertaining the status of payment.

24.   Plaintiff and putative collective members regularly and routinely worked at
      least forty (40) hours per week.

25.   However, Defendants do not pay Plaintiff and putative collective members at
      a rate equal to one and one-half times their regular rate of pay for all hours
      worked over forty (40) in a given workweek, in violation of the FLSA's
      overtime provisions. *See* 29 U.S.C. § 207.

26.   Defendants violated the FLSA's overtime provisions in three (3) specific
      ways.

27.  The first violation relates to the electronic system Plaintiff and putative collective members were required to use when performing their Debt Collection Specialist job duties.

28.  Specifically, this electronic software would regularly crash, which would require Plaintiff and putative collective members to physically "dial in" on their calls. However, Defendants' system did not track this time and thus they were not paid for it. Defendants' management team, including the Tullumello Defendants, were well aware of these issues.

29.  The second violation also relates to Defendants' electronic systems. That is, at the beginning of their scheduled shifts, Plaintiff and putative collective members were not paid for time doing integral and indispensable "pre-shift" tasks such as opening programs, applications and systems required for receiving calls, reviewing and responding to emails and, logging on to their assigned computers/programs without such time being recorded into Defendant's timekeeping system and, without them being compensated for such "off-the-clock" work. Defendants' management team was well aware the work was being performed.

30.  The third violation relates to Defendants' meal-break policy.

31.   Defendants have a policy of automatically deducting thirty (30) minutes from Plaintiff and putative collective members pay for a "lunch" or "meal break" period. Defendants deduct this pay although Plaintiff and putative collective members routinely work through this time.

32.   Defendants' management team was well aware the work was being performed during said "break" period. In fact, Plaintiff reported this time to Defendant as time worked, and it still remained uncompensated.

33.   Given that Plaintiff and putative collective members regularly worked at least forty (40) hours per week for Defendants, they are entitled to receive from Defendants unpaid compensation for all hours worked over 40 per week for these aforementioned FLSA violations.

34.   The unpaid overtime claims of Plaintiff and other Debt Collection Specialists are unified through a common theory of Defendant's FLSA violations.

35.   Defendants had a common compensation plan, policy, and practice for their Debt Collection Specialists employees.

36.   Plaintiff and other Debt Collection Specialists have been "employees" of Defendants, as defined by Section 203(e)(1) of the FLSA, and have worked for Defendants within the territory of the Unites States within three years preceding the filing of their consents to join this action.

37.   Defendants been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

38.   At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and in the production of goods in interstate commerce, and their employees have been engaged in interstate commerce.

39.   Defendants employed a time keeping system for tracking and reporting the employee hours worked by Plaintiff and other Debt Collection Specialists during all times material to this action.

40.   However, Defendants failed to keep accurate records of all hours worked by Plaintiff and others similarly situated Debt Collection Specialists, including the aforementioned "off the clock" hours, in violation of the FLSA's recordkeeping requirement.

41.   Because Defendants failed to maintain accurate time records, Plaintiff and other similarly situated Debt Collection Specialists may prove their uncompensated overtime hours as a matter of just and reasonable inference.

## VI.   SCOPE OF INDIVIDUAL LIABILITY

42.   Plaintiff, on behalf of herself, individually, and on behalf of the Collective Action Members, repeats and re-alleges each preceding paragraph above as if they were set forth herein.

43.   Throughout the recovery period applicable to this action, individual Defendants Sam Tulumello, and Rhonda Tulumello exercised operational control over the business activities and operations of National Check Resolution, Inc.

44.   In particular, Plaintiff and the putative collective members (a) directly reported work issues to the Tulumello Defendants; (b) the Tulumello supervised and controlled work performed by Plaintiff the putative collective members; (c) the Tulumello Defendants hired and fired employees; and (d) the Tulumello Defendants implemented, approved, and/or ratified the practice of failing to pay overtime wages as herein alleged.

45.   Throughout the recovery period applicable to this action, the Tulumello Defendants were fully aware that Plaintiff and similarly-situated employees were not paid for all work they performed.

46.   Accordingly, the Tulumello Defendants acted "directly or indirectly in the interest of an employer in relation to" the Named Plaintiff and the putative

collective members within the meaning of §203(d) of the FLSA, and are thus individually and personally liable for the unpaid overtime wages, liquidated damages, costs and attorneys' fees, and any and all other relief sought herein.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME**

47.   Plaintiff, on behalf of herself, individually, and on behalf of the Collective Action Members, repeats and re-alleges each preceding paragraph above as if they were set forth herein.

48.   At all relevant times, Defendants have, and continue to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49.   At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

50.   Defendants willfully subjected Plaintiff and the Collective Action Members to a common plan, de facto policy, and practice of failing to pay all overtime compensation due for all hours worked over forty (40) per week.

51.   Defendants failed to pay Plaintiff and the Collective Action Members the applicable FLSA overtime rates of pay (at not less than one and one-half times their regular hourly rates of pay) for all hours worked over forty (40) per week.

52. At all relevant times, Defendants had actual, as well as constructive, knowledge that Plaintiff and the Collective Action Members worked uncompensated hours in excess of forty (40) per week.

53. Defendants acted willfully, and without a good faith basis, in failing to pay Plaintiff and the Collective Action Members all overtime compensation for all hours worked over forty (40) per week within applicable weekly pay periods during all times relevant to this action.

54. Accordingly, Plaintiff and the Collective Action Members are entitled to, and hereby seek to recover from Defendants, compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiff, individually, and on behalf of all other similarly situated, requests this Court to grant the following relief against Defendants:

A. Certification of this case as a collective action on behalf of the Collective Action Members and prompt authorization of notice, pursuant to 29 U.S.C. § 216(a), apprising all similarly-situated employees of the pendency of this

action and permitting them to assert timely FLSA claims in this action by filing individual consents under 29 U.S.C. § 216(b);

B.   An award of compensation for unpaid overtime hours to Plaintiff and the Collective Action Members;

C.   An award of liquidated damages to Plaintiff and the Collective Action Members;

D.   An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and the Collective Action Members;

E.   An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and the Collective Action Members;

F.   A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G.   Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated:  April 26, 2022.

Respectfully Submitted,

By:  */s/ A. Lee Parks*
A. Lee Parks
Georgia Bar No. 563750
lparks@pcwlawfirm.com
John L. Mays
Georgia Bar No. 986574
jmays@pcwlawfirm.com
**PARKS, CHESIN, & WALBERT P.C.**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
(404) 873-8000

*And*

*/s/ Robert E. Morelli, III*
*Robert E. Turner, IV
TN BPR # 35364
*Robert E. Morelli, III
TN BPR #37004
*application for admission *pro hac vice*
forthcoming
**JACKSON, SHIELDS, YEISER
HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
rmorelli@jsyc.com

*Attorneys for Named Plaintiff and the
Collective Action Members*

13